IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL CODE COUNCIL, INC, and ICC EVALUATION SERVICE, LLC,<br><br>Plaintiffs.<br><br>v.<br><br>DRJ ENGINEERING, LLC, and DRJ ENGINEERING, LLC<br><br>Defendants. | Case No. 1:24-cv-04998<br><br>Judge John F. Kness |

**AGREED MOTION TO ENTER
STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

On July 17, 2024, Plaintiffs International Code Council, Inc. and ICC Evaluation Service, LLC filed an Amended Complaint against Defendants DrJ Engineering, LLC (Wisconsin) and DrJ Engineering, LLC (Illinois) (collectively, "the Parties") alleging trademark infringement, false advertising and unfair competition under the Lanham Act and common law, and for related violations of Illinois common law.

On January 27, 2025, the Parties, having been represented by counsel and acting by and through counsel, entered into a Confidential Settlement Agreement ("Agreement") resolving this dispute and consented to the entry of a Stipulated Judgment and Permanent Injunction in the form of Exhibit A attached hereto ("Judgment") without a trial or adjudication of any issue of law or fact. Pursuant to the Agreement, once the Court has entered Judgment, the Parties have three (3) business days to file with the Court a joint notice of dismissal without prejudice.

Wherefore, the Parties request the Court to enter a Stipulated Judgment and Permanent Injunction in the form of Exhibit A, which will also be submitted to the Court by email.

Dated: January 27, 2025                                     Respectfully submitted,

s/Brian P. O'Donnell                                        s/Mayville La Rosa
Brent A. Hawkins (IL Bar No. 6243086)                       Mayville La Rosa (appearing *pro hac vice*)
Brian P. O'Donnell (IL Bar No. 6275621)                     Law Office of Mayville La Rosa, Esq.
Kathryn Ann Feiereisel (IL Bar No. 6310852)                 718 Sugar Maple Lane
MORGAN, LEWIS & BOCKIUS LLP                                 Verona, WI 53593
110 North Wacker Drive, Suite 2800                          mlarosa@kfinnovations.com
Chicago, IL 60606-1511
Telephone:    (312) 324-1000                                *Counsel for Defendants*
Facsimile:    (312) 324-1001
brent.hawkins@morganlewis.com
brian.odonnell@morganlewis.com
katie.feiereisel@morganlewis.com

*Counsel for Plaintiffs*

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTERNATIONAL CODE COUNCIL, INC. and ICC EVALUATION SERVICE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DRJ ENGINEERING, LLC, a Wisconsin limited liability company, and DRJ ENGINEERING, LLC, an Illinois limited liability company,<br><br>Defendants. | Civil Action No. 1:24-cv-04998<br><br>JURY DEMAND |

**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

**I.    Findings of Fact and Conclusions of Law**

Plaintiffs International Code Council, Inc. and ICC Evaluation Service, LLC (collectively, "ICC") has alleged and Defendants DrJ Engineering, LLC, a Wisconsin limited liability company, and DrJ Engineering, LLC, an Illinois limited liability company (collectively, "DrJ") have stipulated to and do not contest the following:

1.    ICC is the leading global source of model codes and standards and building safety solutions that include product evaluation, accreditation, technology, training, and certification.

2.    ICC offers product testing, evaluation and certification, including publication of evaluation reports certifying building products, which provide building safety professionals and the general public with confidence and peace of mind that such products meet the highest standards of safety.

3.    ICC is the owner of multiple U.S. Trademark Registrations for the INTERNATIONAL CODE COUNCIL, ICC, ICC-ES and ICC-formative trademarks, including but not limited to U.S. Reg. Nos. 3,578,864; 3,998,452; 4,665,966; 4,718,932; and 5,351,097 ("ICC Registrations"). ICC's trademarks are collectively referred to as the "ICC Marks."

4. DrJ offers professional engineering services and ANAB ISO/IEC 17065 accredited product evaluation services, which generate Technical Evaluation Reports ("TERs") that assess the compliance of building products with various building codes, regulations, and other criteria, which compete with the ICC in a national market for the provision of some of these offerings.

5. Defendants TERs and marketing materials used the ICC Marks without authorization from ICC.

6. DrJ used the terms "ICC Approved," "ICC-Approval," and "ICC Accepted," in various ways in its marketing materials and displayed a form that it downloaded from ICC's membership website on DrJ's website.

7. DrJ raised the affirmative defense of trademark fair use.

## II. Judgment

8. Judgment is entered in favor of ICC on all of ICC's claims set forth in the First Amended Complaint.

## III. Permanent Injunction

9. DrJ, and other entities or persons who are in active concert or participation with them, or entities or persons within DrJ's control (collectively, the "Enjoined Parties") are permanently enjoined and ordered as follows:

    a. The Enjoined Parties shall cease using (i) the ICC Marks, (ii) any terms confusingly similar to ICC Marks or trade name, including misspellings or variations, and/or (iii) any ICC Marks or trade name that in any way represent or imply that Defendants' products or services are in any way associated with or approved by ICC or ICC-ES, including without limitation use as a trademark, service mark, trade name, domain name, social media account or page name, or any other usage that is likely to cause consumer confusion;

    b. The Enjoined Parties shall cease making any further claims in marketing materials that DrJ or its products and/or services are "ICC Approved," "ICC-Approved, or have "ICC Approval," "ICC-Approval," or are "ICC

       Accepted," or know "ICC's approval process," "ICC's approval procedure," and/or any similar claims;

    c.    The Enjoined Parties shall cease making any comparison of Defendants' scope of expertise with ICC's scope of expertise using the International Organization for Standardization's International Classification for Standards Codes without including all areas of expertise of ICC even where Defendants do not possess the same expertise;

    d.    The Enjoined Parties shall cease committing any acts to cause, or that are likely to cause, consumers to believe Defendants' goods or services are sold under the authorization, control or supervision of ICC, or are sponsored by, approved by, or otherwise connected with ICC;

    e.    The Enjoined Parties shall not, whether acting alone or with or through other persons or entities, and regardless of whether acting on their own behalf or on behalf of others, oppose, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack any of the ICC Marks, any trademark filing or registration owned by ICC; and

    f.    The Enjoined Parties shall not cause, assist, support, engage in or encourage or permit others to do any of the aforesaid acts.

10.    It is further ORDERED that the Enjoined Parties shall:

    a.    Permanently remove from any print or digital materials, or the internet, including their websites and social media accounts, any advertising or promotion or other activities that use the ICC Marks or that otherwise state or imply that Defendants or their goods or services are approved by ICC, including but not limited to the claims relating to and using the phrases: "ICC Approved", "ICC-Approved, "ICC Approval", "ICC-Approval" "ICC Accepted", "ICC's approval process" and/or "ICC's approval procedure; and

    b.    Permanently delete any and all copies of, or links to, ICC's "Product Approval Checklist" ("Checklist") for Code Officials and refrain from displaying, distributing or in any way reproducing the Checklist in the future.

11.    It is further ORDERED that the Enjoined Parties shall:

    a.    Take reasonable steps sufficient to monitor and ensure that all persons within their control or employment (whether as affiliates, independent

- 3 -

        contractors, employees, agents, partners or in some other capacity) comply with this Order;

    b.    Take all reasonable corrective action with respect to any individual within their control or employment whom any Enjoined Party determines is not in compliance with the terms of this Order; and

    c.    Be fully responsible for any violations of this Order by any of the foregoing parties.

### IV. Jurisdiction and Retention of Same

12. It is further ORDERED that this Court shall retain jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating claims of violations of this Order. Further, the Court shall retain ancillary jurisdiction over this matter in law and equity for purposes of enforcing and/or adjudicating any violation of the parties' confidential settlement agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381–2 (1994). Any such matters shall be raised by noticed motion.

13. The Court finds that the parties have consented to the jurisdiction of this Court and waived any and all arguments or challenges as to (i) the jurisdiction of this Court, (ii) the convenience of this forum; and/or (iii) the enforceability of this injunction in other jurisdictions.

14. The Court finds that the parties have waived the right to appeal the entry of this Order and a waiver of the right to contest the validity of any clause, term, or provision herein in any subsequent proceeding, and enters the Order on that basis; provided, however, that if for any reason any clause, term, or provision herein is deemed unlawful or invalid, the remaining clauses, terms and provisions shall remain in full force and effect.

IT IS SO ORDERED.

Dated: _____, 2025

                                              Honorable John F. Kness
                                              United States District Judge